# Dudley, Appellant, *v.* Rosier.

*Ejectment—Proof of title—Material facts not denied—Non suit.*

Rule No. 110 of the Court of Common Pleas of Westmoreland County provides that in actions of ejectment "every material fact averred in the abstracts of title filed, shall be deemed, on the trial, to be competent evidence of the fact alleged, without further proof, and no evidence shall be admitted to support, contradict, qualify, explain, modify or vary the same, unless directly and specifically traversed or denied by the adverse party."

In an action of ejectment it appeared that the plaintiff had declared on two articles of agreement, the execution and delivery of which were not denied in the pleading; that at the trial, in order to establish his claim, he offered in evidence the official records of the recorder of deeds of the county and the written agreement and the assignment thereof. Objection was made by counsel for defendant, who contended that the record was inadmissible for the reason that the paper was not acknowledged for recording and therefore improperly recorded. The court sustained the objection and rejected the records as evidence of the plaintiff's claim of title, suggesting that the original documents evidencing the lease might be offered after having been proven as such. Thereupon the plaintiff obtained and produced witnesses, in addition to the parties to the contract, proving the originals, and offered the same in evidence. Objection was again made by counsel for defendant, who contended that such offer constituted a variance from the allegata. The Court sustained the objection and rejected this offer of evidence of the plaintiff's claim of title.

*Held:* that under such circumstances the offer of plaintiff to prove that he held under the agreements, which were not denied by the defendant, was competent evidence and the exclusion of the same constituted reversible error.

Argued April 24, 1925. Appeal No. 141, April T., 1925, by plaintiff from decree of C. P. Westmoreland County, November T., 1923, No. 574, in the case of Samuel Dudley v. George Rosier. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Ejectment for a certain tract of land located at the junction of Larimer Highway, Penn Avenue and Webster Avenue, in the Borough of North Irwin. Before DOM, J.

The facts are stated in the opinion of the Superior Court.

The court granted a compulsory nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was the decree of the court.

*John R. Keister,* of *Keister & Fink,* for appellant.

*James Gregg* and with him *Curtis H. Gregg,* for appellee.

OPINION BY HENDERSON, J., July 9, 1925:

For present purposes it is unnecessary to determine whether or not the two articles of agreement set forth in the plaintiff's abstract of title and on which he undertakes to support his action were properly recorded. It appears by reference to the pleadings that the execution and delivery of these agreements was not denied. The defendant has shown in the third paragraph of his plea that the title is an outstanding hostile title. There is no denial that the plaintiff has any rights which these agreements give him. They were competent evidence therefor in support of the plaintiff's claim. The fact that they are referred to in the abstract of title as having been recorded in a certain volume of the books of record of the county was an immaterial averment. It does not appear from the issue raised in the pleadings that the recording of the instruments was a matter of any consequence. When therefore a nonsuit was granted on the ground that the allegata and probata did not agree, the learned trial judge overlooked the issue joined. It may be that the defense alleged is available, but under the pleadings the plaintiff was entitled to be heard as to the effect of the articles of agreement set forth in the abstract of title. The second agreement does not go to the plaintiff's right. It is merely a modification

of the terms of the agreement of the day before with respect to the time when the hand payments should be applied on the royalty charge. That the two contracts are to be read together and constitute the entire agreement seems clear. At any rate this is not disputed by the defendant. Moreover Rule 110 of the court of common pleas of the district provides that "in actions of ejectment, every material fact averred in the abstracts of title filed, shall be deemed, on the trial, to be competent evidence of the fact alleged, without further proof, and no evidence shall be admitted to support, contradict, qualify, explain, modify, or vary the same, unless directly and specifically traversed or denied by the adverse party." As no attempt was made by the defendant in the plea to counteract the operation of this rule, we think the evidence offered was admissible and that the theory of discrepancy between the plaintiff's claim and the proof offered is not applicable. It follows that the court was in error in granting the nonsuit and refusing to take off the same.

The judgment is therefore reversed with a venire de novo.